# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1459V
Filed: September 16, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *
JENNIFER HINKLEY, as Personal          *
Representative of the Estate of        *
CHARLES TUTTLE,                        *
                                       *
                Petitioner,   *   Joint Stipulation on Damages;
v.                                     *   Influenza ("Flu") Vaccination;
                                       *   Guillain-Barre Syndrome ("GBS");
SECRETARY OF HEALTH                    *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
                Respondent.   *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Christiane Derby Williams*, Terry, Garmey & Associates, Portland, OR, for petitioner.
*Julia Wernett McInerny*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

      On December 3, 2015, petitioner, as Personal Representative of the Estate of Charles Tuttle ("Charles") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Charles suffered Guillain-Barre Syndrome ("GBS") as a result of his influenza ("flu") vaccination on October 21, 2013, and that he subsequently died as a result of his vaccine injury. Petition at 1; Stipulation, September 15, 2016, at ¶¶ 2, 4. Petitioner further indicates that that there has been no prior award or settlement of a civil action for damages as a result of Charles's injury and death. Petition at ¶17; Stipulation at ¶ 5. "Respondent denies that the flu vaccine caused Charles's alleged GBS, any other injury, or his death." Stipulation at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on September 15, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $220,000.00 in the form of a check payable to petitioner as Personal Representative of Charles Tuttle's estate**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a). *Id*.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                          **s/Nora Beth Dorsey**
                                          Nora Beth Dorsey
                                          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNIFER HINKLEY, as Personal Representative of the Estate of Charles Tuttle,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 15-1459V<br>ECF<br>Chief Special Master Dorsey |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Jennifer Hinkley ("petitioner"), as the Personal Representative of the Estate of Charles Tuttle, ("Charles") deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for Charles's injury and death, allegedly related to his receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Charles received his flu vaccine on October 21, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Charles suffered Guillain-Barré Syndrome ("GBS") as a result of his flu vaccination, and that he subsequently died as a result of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Charles as a result of his alleged vaccine injury or his death.

6. Respondent denies that the flu vaccine caused Charles's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $220,000.00 in the form of a check payable to petitioner as Personal Representative of Charles Tuttle's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the

2

availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as Personal Representative of the Estate of Charles Tuttle under the laws of the State of Maine. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Charles Tuttle. If petitioner is not authorized by a court of competent jurisdiction to serve as Personal Representative of the Estate of Charles Tuttle at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Personal Representative of the Estate of Charles Tuttle upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and any amounts awarded pursuant to paragraph 9, petitioner, in her individual capacity and as Personal Representative of the Estate of Charles Tuttle, and on behalf of Charles's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to and death of Charles Tuttle resulting from, or alleged to have resulted from, the flu vaccination administered on October 21, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or

about December 3, 2015, in the United States Court of Federal Claims as petition No. 15-1459.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused or contributed to Charles's alleged GBS or any other injury or his death.

18. All rights and obligations of petitioner in her capacity as the Personal Representative of the Estate of Charles Tuttle hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

Respectfully submitted,

PETITIONER:

_____
JENNIFER HINKLEY,
Personal Representative of the Estate of
CHARLES TUTTLE

ATTORNEY OF RECORD FOR
PETITIONER:

_____
CHRISTIANE D. WILLIAMS, ESQ.
TERRY GARMEY &
 ASSOCIATES
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
NARAYAN NAIR, M.D.
Acting Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 9-15-16

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

5