# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1459V
Filed: May 12, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JENNIFER HINKLEY, as Personal Representative of the Estate of CHARLES TUTTLE, | \* \* \* \* |
| Petitioner, | \* |
| v. | \* Attorneys' Fees and Costs; Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* \* |
| Respondent. | \* \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Christiane Derby Williams*, Terry Garmey & Associates, Portland, OR, for petitioner.
*Voris Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 3, 2015, petitioner, as Personal Representative of the Estate of Charles Tuttle ("Charles"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that Charles suffered Guillain-Barre Syndrome ("GBS") as a result of his influenza ("flu") vaccination on October 21, 2013, and that he subsequently died as a result of his vaccine injury. On September 16, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 24).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 25, 2017, petitioner filed an amended unopposed application for attorneys' fees and costs. (ECF No. 31).[3] Petitioner requests attorneys' fees in the amount of $10,075.00 and attorneys' costs in the amount of $654.10 for a total amount of $10,729.10. *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 2.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or costs. However, the undersigned reduces the award to reflect a rate reduction for travel time. Ms. Williams billed 3.5 hours for travel time on December 2, 2015, amounting to a billing of $875.00. (ECF No. 31-2 at 2).[4] The undersigned reduces these hours by 50%. *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."). This results in a reduction of $437.50.

Other than the deduction noted above, in the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to further reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

---

[3] In the application, petitioner states that respondent has no objection to petitioner's application. (ECF No. 31 at 2).

[4] This billing entry reads: "Travel to and meet with clients in Richmond, Maine, regarding petition and affidavit signatures." (ECF No. 31-2 at 2). The undersigned finds that this entry is unclear as to the time spent traveling versus the amount of time spent meeting with clients. Therefore, this billed time is reimbursed at the travel rate.

The undersigned notes that grouping multiple activities into single time entries is frowned upon and makes a line-by-line analysis nearly impossible. *See, e.g. Riggins v. Sec'y of Health & Human Servs.*, 99-38V, 2009 WL 3319818, *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). Attorneys are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 68 (available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf).

**Accordingly, the undersigned awards the total of $10,291.60[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Christiane Derby Williams.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.